UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

TRAVELERS CASUALTY AND SURETY )
COMPANY OF AMERICA, )
 )
    Plaintiff, )
 )
 ) No. 2:10-cv-224
v. )
 ) *Collier / Lee*
V. MATHEW SHARPE, STEPHANIE )
SHARPE, and NATALIE COOPER, )
 )
    Defendants. )

**REPORT AND RECOMMENDATION**

Travelers Casualty and Surety Company of America ("Travelers" or "Plaintiff") brought suit against Defendants in diversity, alleging breach of an indemnity agreement and seeking an unspecified amount of damages[1] [Doc. 1]. Defendants did not answer the complaint, and Plaintiff filed a motion for default judgment [Doc. 9]. This matter was referred for a hearing and determination of damages pursuant to Fed. R. Civ. P. 55(b)(2) [Doc. 11]. An evidentiary hearing with respect to damages was duly noticed and held on April 29, 2011. Defendants failed to appear for the hearing, despite having been served with notice. Plaintiff's claims counsel, Michael Burkhardt ("Burkhardt"), and Plaintiff's attorney, Jeff Price ("Price"), testified at the hearing. Based

---

[1] In its complaint, Travelers also sought specific performance of their contract requiring Defendants to deposit, as collateral security, an amount determined by Travelers to be sufficient to discharge any loss. At the hearing Travelers did not pursue that remedy, which would appear to be duplicative of a money judgment against Defendants.

on their credible testimony, and taking as true the allegations in the complaint, I make the following findings of fact and conclusions of law:

1. Defendants and Natco, Inc. ("Natco") entered into a relationship whereby Travelers agreed to issue bonds on behalf of Natco. These were "performance bonds," and Travelers agreed to pay Natco's subcontractors to ensure the completion of certain projects. In exchange for the issuance of the bonds, Defendants executed an indemnity agreement (the "Agreement") in Travelers' favor.

2. Under the Agreement, Defendants agreed to indemnify Travelers for all "loss" incurred in connection with any bond issued on Natco's behalf or the Agreement itself, including attorney's fees. Defendants agreed to be jointly and severally liable for any loss.

3. In connection with the bonds issued on Natco's behalf, Travelers has paid, to date, a total of $2,803,932.23. This total includes $151,773.97 in attorney's fees, which Burkhardt testified were reasonable in his opinion. Price, too, represented the fees were customary and reasonable. I therefore find that Travelers has incurred loss, within the meaning of the indemnity agreement, in the amount of $2,803,932.23.

4. Burkhardt testified that Travelers still has "open claims" on the bonds and therefore anticipates further loss with respect to at least one of the projects.

5. Travelers alleges that Natco has failed to fulfill its obligations under several contracts for which Travelers issued bonds. Travelers also alleges Natco has entered into bankruptcy protection. Travelers further alleges that, despite its demand, Defendants have failed to indemnify Travelers for the loss it has incurred or to deposit collateral security for Travelers' loss. Taking these allegations as true, I find that Defendants are in breach of the indemnity agreement.

6. Consequently, I conclude Defendants are jointly and severally liable to Travelers in the amount of $2,803,932.23.

Based on the foregoing findings, I **RECOMMEND**[2] that Travelers be awarded judgment against Defendants, jointly and severally, in the amount of **$2,803,932.23**.

s/ *Susan K. Lee*
SUSAN K. LEE
UNITED STATES MAGISTRATE JUDGE

---

[2] Any objections to this report and recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b) of the Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the district court's order. *Thomas v. Arn*, 474 U.S. 140, 149 n.7 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive and general. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Teachers*, 829 F.2d 1370, 1373 (6th Cir. 1987).

This document contains hyperlinks to other documents. Such links are provided for the user's convenience only, and the Court does not guarantee their functionality or accuracy. Any link which directs the user to a document other than the document cited in the text will not supersede the textual citation. The Court does not endorse the content of, or any provider of, any document maintained by any other public or private organization.